IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON PRICE, individually<br>and on behalf of all others similarly situated, | §<br>§<br>§ | |
| Plaintiff, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | |
| | § | |
| DYNAMIC RECOVERY SOLUTIONS, LLC | § | COMPLAINT – CLASS ACTION |
| | § | |
| Defendants. | § | |

ORIGINAL CLASS ACTION COMPLAINT

*Jury Trial Requested*

Plaintiff Aaron Price (hereinafter "Plaintiff") files this Original Class Action Complaint. Plaintiff institutes the action in accordance with, and to remedy violations by, Defendant Dynamic Recovery Solutions, LLC of the Telephone Consumer Protection Act, 47 U.S.C.A. § 227 *et seq.* (hereinafter "TCPA"); the Fair Debt Collection Practices Act, 15 U.S.C.A. 1692 *et seq.* (hereinafter "FDCPA"); and the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 *et seq.* (hereinafter "TDCA"). Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendant Dynamic Recovery Solution's unlawful conduct.

I. PARTIES

1.      Plaintiff Aaron Price is a natural person who resides in Dallas County, Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3) and TEX. FIN. CODE § 392.001(1).

2.      Defendant Dynamic Recovery Solutions, LLC (hereinafter referred to as "Defendant"), is a South Carolina business entity operating as a collection agency, and it is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6). Its principal place of business is 135 Interstate

Boulevard, Suite 6, Greenville, South Carolina 29615. Defendant may be served by serving its registered agent for process, National Registered Agents, Inc., 2 Office Park Ct., Suite 103, Columbia, South Carolina 29223.

3.  All conditions precedent to the Plaintiff proceeding with this lawsuit have occurred.

## II. JURISDICTION AND VENUE

4.  This matter in controversy exceeds $5,000,000.00, as each member of the proposed TCPA Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call made in violation of the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C.A. § 1332(d)(2). Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a state different than the state in which the Defendant is deemed to reside. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 (hereinafter "CAFA") are present, and this Court has jurisdiction over this matter.

5.  Pursuant to 28 U.S.C.A. § 1367, Plaintiff and Class Members invoke the supplemental jurisdiction of this Court to hear and decide claims against the Defendant arising under state law.

6.  Venue in this District is appropriate under 28 U.S.C.A. §§ 1391 (b) and (c) and 1441(a) because: (i) Defendant is actively doing business in this State and is subject to personal jurisdiction throughout the State; (ii) Defendant transacts business in the State and in the District by and through the collection of consumer debts in this State and District; and (iii) a substantial part of the acts, transactions, events and/or omissions giving rise to the claims occurred in this District. Venue is also proper in this District because the Plaintiff has resided in this District at all times relevant to these claims and a substantial part of the events giving rise to the claims occurred in the District.

## III.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA"), 47 U.S.C. § 227

7.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.     The TCPA regulates, among other things, the use of automated telephone dialing equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

9.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

10.    The Federal Communications Commission has defined a "predictive dialer" as:

> equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers . . . [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dealer calls them at rate to

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq*.

[2]  47 U.S.C. § 227(b)(1)(A)(iii).

[3]  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

> ensure that when a consumer answers the phone, a sales person is available to take the call.[4]

Moreover, the FCC has determined that a "predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress."[5]

### IV.  THE FAIR DEBT COLLECTION PRACTICES ACT, 15. U.S.C. 1692 *ET SEQ*.

11.    In enacting the FDCPA, Congress explicitly found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692(a).  As stated in the preamble to the law, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  "The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) *citing Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).  Given this purpose, it logically follows that "[t]he FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages." *Smith v. Procollect, Inc.*, 2011 WL 1375667, *7 (E.D. Tex. April 12, 2001) (citations omitted).  "In other words, the FDCPA 'is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not.'" *Id. quoting Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

---

[4]  2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

[5]  *In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, *citing to* 2003 TCPA Order, 18 FCC Rcd at 14093, para. 133.

## IV.  FACTS RELATED TO PLAINTIFF AARON PRICE

12.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to MBNA Mastercard (the "Creditor").  Debt is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

13.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

14.     The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect the Debt.

15.     On or about May 10, 2012, Defendant contacted Plaintiff in an attempt to collect the Debt.  Specifically, on May 10, 2012 at 11:01 am, Defendant called Plaintiff on his cellular telephone and left the following message:

> "Yeah, this is Mr. Shell.  We have this as a contact number regarding a matter in our office.  If you would, please contact this number as soon as possible.  It is extremely important.  Our number here is 888-362-2684.  Again, our number is 888-362-2684.  It is very important that we receive a return call as soon as possible.  I appreciate your cooperation."

16.     In initiating this call, Defendant engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

17.     15 U.S.C. § 1692d(6) requires a debt collector to provide meaningful disclosure of the caller's identity when placing a telephone call during debt collection.  A debt collector must provide his individual name and the name of his employer when leaving a voice mail message for a consumer.

18.     In the call that was placed on May 10, 2012, the caller used only his individual name and did not disclose the name of the Defendant debt collector. Consequently, Defendant failed to identify itself in this voicemail message constituting a violation of 15 U.S.C. § 1692d(6).

19.     15 U.S.C. § 1692e(11) requires a debt collector to disclose in each oral communication with a consumer that the communication is from a debt collector.  Defendant also failed to provide this disclosure in its voicemail message.

20.     15 U.S.C. § 1692g(a) of the FDCPA requires a debt collector to inform Plaintiff of his rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

21.     Plaintiff was not provided with written correspondence regarding his debt within 5 days after the May 10, 2012 voicemail.

22.     15 U.S.C. § 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

23.     In the call that was placed on or around May 10, 2012, the caller indicated that the call was "extremely important."  This statement is deceptive in that it creates a false sense of urgency in violation of 15 U.S.C. § 1692e(10).

24.     Subsequent to the May 10, 2012 call, Defendant placed another call to Plaintiff during which call the Defendant told Plaintiff: (1) that it would "forgive your debt and you'll receive a 1099-C and you can just pay taxes on it"; (2) that Plaintiff "could just pay us $2,000 and wipe it clean and not say a word to the IRS"; and (3) that "if we have to turn this over to the IRS and file a 1099-C it's probably going to trigger an audit and you don't want that, do you?"

25.     Defendant did not inform Plaintiff that the Debt was past the Statute of Limitations.

26.     15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken in connection with the collection of a debt.

27.     Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

28.     Advising Plaintiff that Defendant is required to report the amount of the debt to the IRS and to issue a form 1099-C is deceptive and misleading in violation of the FDCPA.

29.     Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

30.     Here, there is no basis to conclude that a triggering event has or will occur requiring Defendant to file a Form 1099-C.

31.     The gratuitous reference that a debt collector may contact the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

32.     The above unlawful practices are Defendant's routine procedures for collecting consumer debts.

33.     The collection or attempted collection of consumer debts in the aforementioned manner violates both federal and state collection laws.

## V.  CLASS ALLEGATIONS

34.     This action is maintained as a class action on behalf of the following described classes (hereinafter collectively referred to as "the Classes"):

> TCPA Class: All persons who reside within the United States and who were called by Dynamic Recovery Solutions, LLC from January 9, 2009 though the present, in an attempt to collect a debt, using an automatic telephone dialing system, where the call was placed to the person's cellular telephone number that Dynamic Recovery Solutions, LLC did not obtain either from a creditor or directly from the person himself or herself.

> FDCPA Class: All persons who reside in the United States and from whom, on or after January 9, 2009, Defendant sought to collect, or did collect, a consumer debt and (1) to whom Defendant failed to provide meaningful disclosure of the caller's identity and Defendant's identity when placing a telephone call; and/or (2) to whom Defendant failed to disclose in each oral communication with a consumer that the communication was from a debt collector; and/or (3) to whom Defendant failed to provide written correspondence within 5 days after the initial communication, including the right to dispute the Debt; and/or (4) to whom Defendant made false and/or misleading statements in connection with the Debt; and/or (5) against whom Defendant threatened to take an action that could not legally be taken or that Defendant did not intend to take in connection with the collection of a debt
>
> Neither of the above Classes include any employees of Defendant or the judges assigned to this action or their relatives.

35. The unlawful actions of Defendant entitle Plaintiff and Class members to statutory damages.

36. The members of the Classes for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact numbers of each of the Classes are unknown to Plaintiff. However, the numbers of the Class Members are reasonably believed to be in the thousands, and they can be determined from records maintained by Defendant.

37. Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel experienced and capable in class action litigation and in the fields of debt collection and consumer law. Plaintiff understands and appreciates his duties to the Classes under FED. R. CIV. P. RULE 23 and is committed to vigorously protecting the rights of absent members of the Classes.

38. Plaintiff is asserting claims that are typical of the claims of each member of the Classes he seeks to represent, in that Defendant engaged in the collection and/or attempted collection of debts from the Plaintiff in the same manner as those in the Classes he seeks to represent. All

claims alleged on behalf of the Classes flow from this conduct. Further, there is no conflict between Plaintiff and the members of the Classes with respect to this action.

39. There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented. Questions of law and fact arising out of Defendant's conduct are common to all members of the Classes, and such common issues of law and fact predominate over any questions affecting only individual members of the Classes. Common issues of law and fact include, but are not limited to, the following:

    a. Whether Defendant made calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system;

    b. Whether such practice violates the TCPA;

    c. Whether Defendant's conduct was knowing and willful;

    d. Which services or processes Defendant employed to obtain class members' cellular telephone numbers;

    e. Which technologies or services were available to Defendant to enable it to differentiate between wireless numbers and wireline numbers;

    f. Whether Defendant is a "debt collector" as that term is defined by the Texas Debt Collection Act and/or the Fair Debt Collection Practices Act;

    g. Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692d(6);

    h. Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692e(11);

    i. Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692g(a);

    j. Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692e;

    k. Whether Defendant's actions constitute a violation of 15 U.S.C.A. § 1692e(5);

    l. Whether Defendant's actions constitute a violation of TEX. FIN. CODE 392.304(19);

    m. Whether Defendant is liable for damages and the amount of such damages; and

    n.    Whether Defendant should be enjoined from engaging in such conduct in the future.

40. The relief sought is common to the entirety of the Classes.

41. Defendant has acted on grounds generally applicable to the Classes, thereby making formal declaratory relief or corresponding injunctive relief appropriate with respect to the Classes as a whole.

42. This action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for Defendant.

43. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

44. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

    a.    significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

    b.    the size of the individual damages claims of most members of the Classes is too small to make individual litigation an economically viable alternative, such that few members of the Classes have any interest in individually controlling the prosecution of a separate action;

    c.    without the representation provided by Plaintiffs herein, few, if any, members of the Classes will receive legal representation or redress for their injuries;

    d.    class treatment is required for optimal deterrence;

    e.    despite the relatively small size of the claims of many individual members of the Classes, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

    f.    no unusual difficulties are likely to be encountered in the management of this class action;

    g.    absent a class action, Defendant's illegal conduct shall go unremedied and uncorrected; and

    h.    absent a class action, the members of the Classes will not receive compensation, will continue to be subjected to Defendant's illegal conduct.

45. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual members of the class, and result in judicial consistency.

## COUNT ONE

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C.A. § 227 *ET SEQ*.

46. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

47. The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system." TCPA § 227(b)(A)(iii).

48. Defendant made telephone calls to plaintiff's cell phone using an automatic telephone dialing service without consent which was prohibited by the TCPA.

49. Defendant negligently disregarded the TCPA in using automated telephone dialing equipment to call Plaintiff's and the class' cellular telephones without express consent.

50.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

51.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and TCPA Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT TWO

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C.A. § 227 *ET SEQ*.

52.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

53.     Defendant knowingly and/or willfully disregarded the TCPA by using automated telephone dialing equipment to call Plaintiff's and the class' cellular telephone without express consent.

54.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

55.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and each member of the TCPA Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute as provided by 47 U.S.C. § 227(b)(3).

## COUNT THREE

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

56.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

57.     The acts of Defendant constitute violations of the FDCPA.  *See* 15 U.S.C. § 1692 *et seq*.

58.     Defendant is a debt collector as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(6).

59.     Plaintiff is a consumer as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(3).

60.     The debt that Defendant sought to collect was a consumer debt as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(5).

61.     The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant failed to provide meaningful disclosure of the caller's identity.

62.     The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to state that the calls were from a debt collector attempting to collect a debt.

63.     The Defendant's conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendant failed to timely send the Plaintiff a validation notice stating the amount of the Debt.

64.     The Defendant's conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

65.     The Defendant's conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendant failed to send the Plaintiff a validation notice advising the Plaintiff of his right to dispute the Debt within thirty days.

66.     The Defendant's conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of his right to have verification of the debt or a copy of a judgment mailed to the Plaintiff.

67.     The Defendant's conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendant failed to send the Plaintiff a validation notice advising the Plaintiff of his right to request the name and address of the original creditor.

68. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant made false, deceptive, and misleading statements in connection with the collection of a debt.

69. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action without actually intending to do so.

70. Defendant's threat to file a 1099-C at a time that it had no intent to make such a filing, and at a time that such filing was improper under IRS rules, constituted a false representation and deceptive means of debt collection in violation of the FDCPA. *See* 15 U.S.C. §1692e and §1692e(10).

71. As a result of Defendant's violations of 15 U.S.C. § 1692 *et seq.*, Plaintiff and FDCPA Class members are entitled to statutory damages.

72. Plaintiff and FDCPA Class members are also entitled to an award of attorneys' fees and costs.

## COUNT FOUR

## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

73. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

74. The acts of Defendant constitute violations of the TDCA. *See* TEX. FIN. CODE § 392.001 *et seq.*

75. Defendant is a debt collector and a third party debt collector as defined by the TDCA. *See* TEX. FIN. CODE §§ 392.001(6) & (7).

76. Plaintiff is a consumer as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(1).

77. The debt that Defendant sought to collect was a consumer debt as defined by the TDCA. *See* TEX. FIN. CODE § 392.001(2).

78.     The TDCA prohibits a debt collector from using any using false representation or deceptive means to collect a debt or obtain information concerning a consumer. *See* TEX. FIN. CODE § 392.304(19).

79.     Defendant's threat to file a 1099-C at a time that it had no intent to make such a filing, and at a time that such filing was improper under IRS rules, constituted a false representation and deceptive means of debt collection in violation of the TDCA. *See* TEX. FIN. CODE § 392.304(19).

80.     As a result of Defendant's violations of the TDCA, Plaintiff and Class Members are entitled to and do seek injunctive relief prohibiting such conduct by Defendant in the future.

81.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## VICARIOUS LIABILITY

82.     At all times relevant hereto, the individual debt collectors who contacted, attempted to contact, controlled or programmed Defendant's automatic telephone dialing system and/or spoke with Plaintiff and the Class Members, were employed by Defendant and were working in the course and scope of their employment with Defendant. Defendant had the right to control their activities. Therefore, Defendant is liable for their actions, inactions, and conduct which violated the TCPA, the FDCPA, and the TDCA and proximately caused damages to Plaintiff and Class Members as described herein.

## JURY REQUEST

83.     Plaintiff requests that this matter be tried before a jury.

WHEREFORE, Plaintiff and the Class Members pray that the Court enter judgment in their favor against Defendant as follows:

   a.   Enter an order certifying this action as a class action pursuant to FED. R. CIV. P. 23(b)(2) and/or 23(b)(3).

  b. Declaring:

    i. Defendant's actions violated the TCPA;
    ii. Defendant's actions violated the FDCPA;
    iii. Defendant's actions violated the TDCA;

  c. Awarding Plaintiff and Class Members statutory damages under the FDCPA and the TCPA, including treble damages under 47 U.S.C.A. § 227(b)(3);

  d. Awarding Plaintiff and Class Members reasonable attorneys' fees, expenses and costs;

  e. Enjoining Defendant from threatening to make reports to the IRS in violation of IRS rules and from making calls to cellular telephone numbers using an automatic dialing system without the express consent of the party being called; and

  f. Granting such other relief that equity and the law deems appropriate.

Dated:  January 9, 2012      Respectfully submitted,

            By: /s/ Walt D. Roper
            **THE ROPER FIRM, P.C.**
            Walt D. Roper
            State Bar No. 00786208
            3001 Knox Street
            Suite 405
            Dallas, Texas 75205
            214.420.4520
            214.856.8480 - Facsimile
            walt@roperfirm.com

**OF COUNSEL:**

John Howie, Jr.
**HOWIE LAW, PC**
State Bar No. 24027239
4040 N. Central Expressway
Suite 850
Dallas, TX 75204
214.622.6340
214.622.6341 - Facsimile
jhowie@howielaw.net


**ATTORNEYS FOR PLAINTIFF**